# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 24, 2023

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| CARLA ADAL *and* MATTHEW SHIEL *as parents, next of kin, and on behalf of Z.S., a deceased minor,* * * * | |
| | No. 15-1496V |
| | Special Master Sanders |
| Petitioners, * | |
| | UNPUBLISHED |
| v. * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | Attorneys' Fees and Costs |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Russell W. Lewis, IV*, Nashville, TN, for Petitioners;
*Naseem Kourosh*, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 10, 2015, Carla Adal and Matthew Shiel ("Petitioners") filed a petition for compensation on behalf of their minor deceased child Z.S. pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioners alleged that Z.S. received pneumococcal conjugate, haemophilus B conjugate, and diphtheria-tetanus-acellular pertussis, hepatitis B, and inactivated polio vaccines on November 18, 2014, and thereafter died on November 19, 2014. Pet. at 1 (ECF No. 1). Following an entitlement hearing and briefing, on July

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

29, 2022, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 76).

On October 26, 2022, Petitioners filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 79). Petitioners request total attorneys' fees and costs in the amount of $82,339.01, representing $78,530.00 in attorneys' fees and $3,809.01 in attorneys' costs.[3] Fees App. at 2. Pursuant to General Order No. 9, Petitioners have indicated that they have not personally incurred any costs in pursuit of their claim. *Id.* at 2. Respondent responded to the motion on October 27, 2022, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 80). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, the undersigned previously found the claim satisfied good faith and reasonable basis when awarding interim attorneys fees and costs, and the work Petitioners now seek reimbursement for also meets that criterion. Accordingly, Petitioners are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

---

[3] Petitioners were previously awarded interim attorneys' fees and costs of $64,126.77 on July 14, 2021. (ECF No. 68).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[4]

Petitioners requests the following hourly rates for the work of their counsel, Mr. Russell Lewis, IV: $375.00 per hour for work performed in 2020, $425.00 per hour for work performed in 2021, and $450.00 per hour for work performed in 2022. Upon review, the undersigned finds that a reduction to the requested hourly rates is necessary. Mr. Lewis' requested rate for 2020 exceeds what has previously been found reasonable and also what the undersigned has previously awarded him for his work in the instant case. Accordingly, the undersigned will reimburse the remainder of Mr. Lewis' 2020 work at $350.00 per hour.

For the years 2021 and 2022, the undersigned finds that although Mr. Lewis' hourly rate should be increased, the proposed increases are excessive. Petitioners' filing has not justified such a large increase from 2020 to 2021. Mr. Lewis was barred in 2005, giving him approximately 16 years of legal experience in 2021, placing him slightly above the median in the tier of attorneys with 11-19 years of experience in practice. A median hourly rate in this range is $400.00. Upon consideration of all the *McCulloch* factors, the undersigned finds this to be reasonable for Mr. Lewis' 2021 work. This rate balances Mr. Lewis' good professional credentials and above-average overall experience for this tier with his below-average overall Vaccine Program experience.[5] Therefore, the undersigned shall compensate Mr. Lewis' work at $400.00 per hour for work performed in 2021 and $415.00 per hour for work performed in 2022. Application of these rates results in a reduction of $4,748.50.[6]

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[5] The undersigned notes that Petitioners have argued that Ms. Lewis' practice of selectively filing cases, resulting in a smaller number of total cases filed, should not be viewed negatively and result in a downward deviation on my hourly rate. In the undersigned's experience, the practice of reviewing cases on their merits to determine if they will survive reasonable basis is the rule rather than the exception for Vaccine Program practitioners. Furthermore, many practitioners in the Vaccine Program, particularly those with 11-19 years of experience, have filed dozens, if not hundreds, of petitions in the Program, while the instant case is Mr. Lewis' fourth

[6] 2020: ($375.00 per hour requested - $350.00 per hour awarded) * 23.3 hours billed = $582.50.
2021: ($425.00 per hour requested - $400.00 per hour awarded) * 156.7 hours billed = $3,917.50.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of $73,781.50.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $3,809.01 in attorneys' costs, comprised of printing documents, a transcript of the entitlement hearing, and work performed by a medical expert, Dr. Ophoven to testify at the hearing. Petitioners have provided adequate documentation of all these expenses and they appear reasonable in the undersigned's experience. Accordingly, Petitioners are awarded the full amount of costs sought.

### II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $78,530.00 |
| (Reduction to Fees) | - ($4,748.50) |
| **Total Attorneys' Fees Awarded** | **$73,781.50** |
| | |
| Attorneys' Costs Requested | $3,809.01 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,809.01** |
| | |
| **Total Attorneys' Fees and Costs** | **$77,590.51** |

---

2022: ($450.00 per hour requested - $415.00 per hour billed) * 7.1 hours billed = $248.50.

**Accordingly, the undersigned awards a lump sum in the amount of $77,590.51, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their counsel, Mr. Russell Lewis, IV.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[7]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.